other testimony and discussed the same but disobeyed the instruction from the court not to do so. This constitutes reversible error which requires a reversal of the judgment. In support of our conclusion, we refer to the following authorities: Drayton v. State, 138 Tex.Cr.R. 264, 135 S.W.2d 703; Lankster v. State, 43 Tex. Cr.R. 298, 65 S.W. 373; McDougal v. State, 81 Tex.Cr.R. 179, 194 S.W. 944, L.R.A. 1917E, 930; Casey v. State, 51 Tex.Cr.R. 433, 102 S.W. 725; Horn v. State, 50 Tex. Cr.R. 404, 97 S.W. 822.

Having reached the conclusion that the careful trial court fell into error in declining to grant a new trial, the judgment is reversed and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**KRUEGER, Judge.**

The conviction is for murder. The punishment assessed is confinement in the state penitentiary for a term of ten years.

The record is before us without statement of facts or bills of exception. The indictment and all matters of procedure appear regular.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### McENTIRE v. STATE.
### No. 22059.

Court of Criminal Appeals of Texas.

April 8, 1942.

### GASAWAY v. STATE.
### No. 22052.

Court of Criminal Appeals of Texas.

April 8, 1942.

A. L. Lowery, of Nacogdoches, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.